FILED
AUSTIN DIVISION
2005 JUN 24 PM 3:33
BY XF DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| E I PRODUCTS, INC., | § | CIVIL ACTION NO. |
| Plaintiff, | § | |
| v. | § | A05CA224SS |
| JASCO PRODUCTS COMPANY, LLC | § | |
| Defendant. | § | A JURY IS DEMANDED |

## FIRST AMENDED COMPLAINT

Plaintiff, E I Products, Inc. (E I Products) for its First Amended Complaint against Defendant Jasco Products Co., Inc. (Jasco) alleges as follows:

### THE PARTIES

1. E I Products is a corporation organized and existing by virtue of the laws of the State of Texas, which maintains an office and principal place of business at 55 22nd Street, Maxwell, Texas 78556.

2. Upon information and belief, Jasco is a corporation duly organized and existing under the laws of the State of Oklahoma, having an office and place of business at 311 N.W. 122nd Street, Oklahoma City, Oklahoma 73114, and is doing business in the Western District of Texas. Jasco may be served by serving its agent for the service of process, Stephen C. Trice, located at 311 N.W. 122nd, Oklahoma City, Oklahoma 73101.



3

## JURISDICTION

3. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) & (b) because this action arises under the Patent Laws (35 U.S.C. §§ 100 *et seq.*) and the Trademark laws of the United States (15 U.S.C. §§ 1051 *et seq.*), including 35 U.S.C. § 271 and 15 U.S.C. § 1125. The Court has personal jurisdiction over the Defendant because Jasco has committed acts within Texas and this Judicial District giving rise to this action and has established minimum contacts with the forum such that the exercise of jurisdiction over Jasco would not offend traditional notions of fair play and substantial justice.

## VENUE

4. Plaintiff, E I Products does business and has an office in Caldwell County, Texas, in this judicial District. Jasco has committed acts within this judicial District that give rise to this action and does business in this District, including making sales and providing services and support to its customers in this District. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400 (b).

## THE PATENT AT ISSUE

5. On September 2, 1997, United States Patent No. 5,662,408 was duly and legally issued to Joseph E. Marschen, inventor, and assigned to Austin Innovations, Inc. for "Simple Plug in Night Light Having a Low Profile." A true and correct copy of said Patent No. 5,662,408 is attached hereto and marked "Exhibit A".

6. On July 27, 2004, George Kasee acquired all right, title and interests of Austin Innovations, Inc., including an assignment of said Patent No. 5,662,408. On that same day,

George Kasee assigned all rights in U.S. Patent No. 5,662,408 to Plaintiff, E I Products, Inc. That assignment has been properly recorded at the United States Patent and Trademark Office.

7. Plaintiff, E I Products, is the sole and exclusive owner of all right, title and interest in and to United States Patent No. 5,662,408 (subject only to licenses granted thereunder).

8. Since at least as early as 1997, E I Products and/or its predecessors in interest, Austin Innovations, Inc., has made, used and sold nightlights incorporating the inventions set forth in Patent No. 5,662,408. At all such times, substantially all such products have been marked with the designations "U.S. PATENT NO. 5,662,408."

**PATENT INFRINGEMENT**

9. Since the issuance of United States Patent No. 5,662,408 and within the six (6) years last past, Defendant, without the consent of Plaintiff and with full knowledge of said Patent No. 5,662,408 and of Plaintiff's rights thereunder, has and still is willfully, wantonly and deliberately infringing said United States Patent No. 5,662,408 by making and selling night lights that embody and employ the inventions defined by the claims in the said United States Patent No. 5,662,408 and will continue to do so unless enjoined by this Court. Defendant's actions constitute patent infringement under 35 U.S.C. § 271.

10. Prior to filing this Complaint, Defendant was given notice of Plaintiff's patent and of Defendant's lack of rights under that patent. Notwithstanding such notice, Defendant has nevertheless infringed, is continuing to infringe and threatens to continue infringing said United States Patent No. 5,662,408. Indeed, Defendant admits its infringement by placing the patent number for Plaintiff's patent, United States Patent No. 5,662,408, on its packaging.

11. Plaintiff has been damaged by Defendant's willful infringement of said United States Patent No. 5,662,408, but is unable to state at this time the amount of damages sustained. Plaintiff will be further irreparably damaged by Defendant's infringement unless such infringement is enjoined by this Court.

**PATENT FALSE MARKING**

12. Since the issuance of United States Patent No. 5,662,408 and within the six (6) years last past, Defendant, without the consent of Plaintiff and with full knowledge of said Patent No. 5,662,408 and of Plaintiff's rights thereunder, has and still is willfully, wantonly and deliberately affixing to its un-licensed products the designation "U. S. Patent No. 5,662,408", or a similar designation of Plaintiff's patent, with, upon information and belief, the intent of deceiving the public and inducing them to believe that the products were so marked by or with the consent of the Plaintiff. Upon information and belief, Plaintiff will continue to do so unless enjoined by this Court. Defendant's actions constitute patent false marking under 35 U.S.C. § 292.

13. Prior to filing this Complaint, Defendant was advised of Plaintiff's patent and that Defendant had no rights under that patent. Notwithstanding such notice, Defendant has nevertheless continued to falsely mark such un-licensed products with Plaintiff's patent number.

14. Plaintiff has been damaged by Defendant's willful acts of false marking but is unable to state at this time the amount of damages sustained. Plaintiff will be further irreparably damaged by Defendant's acts of false marking unless such acts are enjoined by this Court.

**UNFAIR COMPETITION**

15. Defendant, without the consent of Plaintiff and with full knowledge of Patent No. 5,662,408 and of Plaintiff's rights thereunder, has and still is willfully, wantonly and deliberately,

in connection with its own un-licensed goods, using on the packaging of such goods in commerce, Plaintiff's patent number. Defendant is thereby using a false description of origin, false description of fact or false or misleading representation of fact which is likely to cause mistake or to deceive as to the affiliation, connection or association of Defendant to Plaintiff or as to the origin, sponsorship or approval of Defendant's goods by Plaintiff or that misrepresents the nature, characteristics or qualities of Defendant's goods. On information and belief, Defendant will continue to do so unless enjoined by this Court. Defendant's actions constitute unfair competition under 15 U.S.C. § 1125(a).

16. Prior to filing this Complaint, Defendant was given notice of Plaintiff's patent and of Defendant's lack of rights under the patent. Notwithstanding such notice, Defendant has nevertheless continued, is continuing to and threatens to continue to falsely represent to the public that its products are authorized products under Plaintiff's patent.

17. Plaintiff has been damaged by Defendant's willful unfair competition but is unable to state at this time the amount of damages sustained. Plaintiff will be further irreparably damaged by Defendant's unfair competition unless such acts are enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

(a) That an injunction be entered by this Court enjoining Defendant, its officers, agents, servants, employees and attorneys, and those in active concert, participation or privity with Defendant, from directly or indirectly making or causing to be made and selling or causing to be sold any apparatus, device or article which embodies and/or employs the inventions defined by the claims in United States Patent No. 5,662,408;

(b) That an injunction be entered by this Court enjoining Defendant, its officers, agents, servants, employees and attorneys, and those in active concert, participation or privity with Defendant, from falsely marking any un-licensed apparatus, device or article with Plaintiff's patent number;

(c) That an injunction be entered by this Court enjoining Defendant, its officers, agents, servants, employees and attorneys, and those in active concert, participation or privity with Defendant, from unfairly competing with Plaintiff through false advertising or false or misleading descriptions or representations of fact;

(d) That Defendant, its officers, agents, servants, employees and attorneys, and those in active concert, participation or privity with Defendant, be ordered to deliver to the Court for destruction, or to show proof of destruction of, any and all displays, signs, product packages, circulars, promotional materials, advertisements and any other materials in its possession, custody or control that bears or depicts Plaintiff's patent number, or any designation similar thereto.

(e) That Defendant be ordered to file with this Court and to serve on Plaintiff, within thirty (30) days after the entry and service of an injunction, a report in writing and under oath setting forth in detail the manner and form in which defendant has complied with the injunction;

(f) That an accounting be ordered to determine Defendant's profits resulting from its unfair competition and that such profits be paid over to Plaintiff as an equitable remedy;

(g) That Plaintiff be awarded judgment against Defendant for damages together with prejudgment interest for said infringement and, because of the willful, wanton and

deliberate nature of said infringement, that the damages be compounded up to three times the amount found;

(h) That Defendant be ordered to pay the costs of this action and Plaintiff's attorney fees; and

(i) That Plaintiff be granted such other and further relief as the circumstances of the case may require and to this Court seem proper and just.

**JURY DEMAND**

Plaintiff hereby demands trial by jury of all issues so triable.

Respectfully submitted,

Dated: June 24, 2005

By: [signature]

John C. Cain (Texas State Bar No. 00783778)
WONG, CABELLO, LUTSCH, RUTHERFORD & BRUCCULERI, L.L.P.
20333 SH 249, Suite 600
Houston, Texas 77070
(832) 446-2400 Telephone
(832) 446-2424 Facsimile

William D. Raman (Texas State Bar No. 16492700)
WONG, CABELLO, LUTSCH, RUTHERFORD & BRUCCULERI, L.L.P.
221 W. 6th Street, Suite 950
Austin, Texas 78701
(512) 473-2550 Telephone
(512) 473-2555 Facsimile

**ATTORNEYS FOR PLAINTIFF, E I PRODUCTS, INC.**